United States District Court
Southern District of Texas
**ENTERED**
July 12, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DARLA MARIE SHEFFIELD, TDCJ #01769407, | § § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-322 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

## ORDER

The petitioner, Darla Marie Sheffield (TDCJ #01769407), was recently released from the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") and is now in Austin Transitional Center, a TDCJ halfway house (Dkt. 78). *See* http://tdcj.state.tx.us/divisions/parole/parole_halfway_houses.html. She filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a state court conviction, and the Court granted the Respondent's motion for summary judgment (Dkt. 80). Sheffield has proceeded *pro se* throughout this habeas action and has now filed two post-judgment motions: (1) a motion for reconsideration (Dkt. 82); and (2) a combined "motion for appeal" and "motion for extension of time to file an appeal" (Dkt. 83). The Court will deny the motion for reconsideration. As for the other motion, the Court will construe it as a notice of appeal accompanied by a motion for an extension of

1 / 6

time to file an appeal.¹ The motion for an extension of time is denied as moot because the notice of appeal was timely filed in the first place.

### A. Sheffield's motion for reconsideration

The Court entered its final judgment dismissing Sheffield's habeas petition on May 31, 2017 (Dkt. 81). Sheffield filed her motion for reconsideration on June 12, 2017 (Dkt. 82 at p. 3).² Since Sheffield filed her motion for reconsideration within 28 days of the entry of the judgment, the Court will construe the motion as a motion to alter or amend the Court's judgment under Federal Rule of Civil Procedure 59(e).

In federal habeas actions, Rule 59(e) motions are not always just Rule 59(e) motions. If the petitioner is using Federal Rule of Civil Procedure 59(e) to attack the substance of the district court's resolution of her habeas claims on the merits and not to attack some defect in the integrity of the habeas proceedings, then the Rule 59(e) motion is properly construed as a successive federal habeas petition. *Williams v. Thaler*, 602 F.3d 291, 301–05 & n.10 (5th Cir. 2010). In an unpublished opinion, the Fifth Circuit succinctly clarified that "[e]xamples of motions attacking a defect in the integrity of the federal habeas proceedings include a claim of fraud on the court or challenges to a court's procedural ruling which precluded a merits determination, such as when a ruling is based on an alleged failure to exhaust, a procedural default, or a time-bar determination."

---

¹ Sheffield originally sent the notice of appeal to the Fifth Circuit, which received it on July 3, 2017 (Dkt. 83 at p. 1). The Fifth Circuit referred the motion for an extension of time to this Court. *See* FED. R. APP. P. 4(a)(5) (giving the district court, but not the circuit court, authority to extend the time to file a notice of appeal).

² June 12, 2017 is the date on which Sheffield deposited her motion for reconsideration into the halfway house mailing system. That is the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999).

2 / 6

*United States v. Brown*, 547 Fed. App'x 637, 641 (5th Cir. 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 nn.4–5 (2005)).

The Court, with all due respect to Sheffield's *pro se* status, has no idea what the basis of Sheffield's motion is. In its entirety, the motion reads:

> Lorie Davis TDCJ Director responded on reply & mixed witnesses with allegations falsly [sic]. I would like to respond in court.
> Dkt. 82 at p. 2.

The reference to the Respondent's "response on reply" is confusing, as the Respondent did not file a reply brief. The Court will construe Sheffield's statements as an allegation that the Respondent made material misrepresentations to the Court in the State's motion for summary judgment and will accordingly construe Sheffield's Rule 59(e) motion as a motion to alter or amend the judgment rather than a successive habeas petition. Rule 59(e) motions are an "extraordinary remedy that should be used sparingly"—*Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)—and they typically "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Ultimately, "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet*, 367 F.3d at 479 (quotation marks and brackets omitted). Sheffield's motion—which is, again, quoted above in its entirety—points to no manifest errors and presents no newly discovered evidence. The Court will deny the motion for reconsideration and deny a certificate of appealability on that ruling. *See Williams v. Quarterman*, 293 Fed. App'x

298, 315 (5th Cir. 2008) ("Williams also must obtain a COA to appeal his Rule 59(e) motion.").

**B. Sheffield's "motion for appeal"/"motion for extension of time to appeal"**

As previously noted, the Court construes Sheffield's combined "motion for appeal" and "motion for extension of time to appeal" as a notice of appeal accompanied by a motion for an extension of time to file an appeal. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts states that Federal Rule of Appellate Procedure 4(a) governs the time to appeal a final order adverse to the applicant in a Section 2254 proceeding. The notice of appeal must be filed within 30 days after entry of the appealed-from judgment or order. FED. R. APP. P. 4(a)(1)(A). The Court entered its final judgment dismissing Sheffield's habeas petition on May 31, 2017 (Dkt. 81), making her deadline for filing a notice of appeal June 30, 2017. Sheffield deposited her notice of appeal in the halfway house mailing system on June 29, 2017, but she addressed it to the Fifth Circuit (Dkt. 83 at p. 2). The Fifth Circuit file-stamped the notice on July 3, 2017 (Dkt. 83 at p. 1) and then sent it to the Clerk of this Court.

Federal Rule of Appellate Procedure 4(d) states that, in the event that a notice of appeal is mistakenly filed in the court of appeals, the court of appeals must note the date of receipt and send the notice to the district clerk. The notice is then considered filed in the district court on the date of receipt noted by the court of appeals. Under that rule read in isolation, Sheffield's notice of appeal is considered filed on July 3, 2017, which is three days late. *See Martin v. Alamo Community College Dist.*, 353 F.3d 409, 411 n. 2 (5th Cir. 2003). However, persuasive authority indicates that Rule 4(d) is properly read

as, in essence, incorporating Federal Rule of Appellate Procedure 4(c)(1)—the prison mailbox rule—and that, as a result, even a misdirected notice of appeal is considered filed on the date on which it was deposited in the prison mailing system. *See Larson v. Meek*, 240 Fed. App'x 777, 780 (10th Cir. 2007);[3] *Bowie v. Cain*, 33 Fed. App'x 705, 2002 WL 432675, at *1 & nn. 7 & 8 (5th Cir. 2002). The Court agrees with that approach and further considers Sheffield, who is confined in a TDCJ halfway house, to be an "inmate confined in an institution" as contemplated by Federal Rule of Appellate Procedure 4(c). *See Jackson v. Johnson*, 475 F.3d 261, 266–67 (5th Cir. 2007) ("Even if Jackson's time at the halfway house is for primarily non-punitive purposes, he is nonetheless a 'prisoner' within § 1915(h)'s definition because his confinement is as a result of his criminal violation."). The Court therefore considers Sheffield's notice of appeal filed on June 29, 2017, when she deposited it in the halfway house mailing system. Sheffield's notice of appeal, though misdirected, was timely filed, and her request for an extension of her appellate deadline is moot.

---

[3] The Tenth Circuit's well-reasoned explanation pivots on the distinction between the general rule for non-prisoners' appellate filings, which deems those papers filed on the date of receipt, and the prison mailbox rule, which deems papers filed on the date of mailing:
> [The] notice of appeal would be considered timely, though, if Rule 4(c)(1) and 4(d) are applied together, with the "receipt" date at this court being considered the date when [the prisoner] placed his notice of appeal in the prison's legal mail system. We see no reason why the two rules should not be applied together. Thus, the mailbox rule and the misdirected filing rules combine to make this appeal timely, and we have jurisdiction to decide this appeal.

*Larson v. Meek*, 240 Fed. App'x 777, 780 (10th Cir. 2007); *see also* FED. R. APP. P. 25(a)(2)(A) (stating general rule for non-prisoners' appellate filings).

The Court **DENIES** Sheffield's motion for reconsideration (Dkt. 82). The Court also **DENIES** Sheffield's motion for an extension of time to file her appeal (Dkt. 83) as moot.

The Clerk of this Court shall send a copy of this Order to the parties and to the Clerk of Court of the United States Court of Appeals for the Fifth Circuit. Pursuant to Federal Rule of Appellate Procedure 22(b), the Court also orders the Clerk of this Court to electronically send the Fifth Circuit the file of the district-court proceedings in this case. The notice of appeal is contained at docket entry 83.

SIGNED at Galveston, Texas, on July 10, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE